

Paul Salmas
12823 Maxwell Dr.
Tustin, CA 92782

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

Paul M. Salmas,

        Plaintiff,

vs.

CONVERGENT OUTSOURCING, INC.,

        Defendant.

SACV 13 · 00744 cVA (Dutyx)

Case No.: _____

COMPLAINT

TRIAL BY JURY DEMANDED

## PRELIMINARY STATEMENT

1. This is an action for damages brought from violations of the Fair Credit Reporting Act (hereinafter "FCRA") 15 U.S.C. §1681 et seq.

## JURISDICTION

2. This court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C. § 1331.

3. All conditions precedent have occurred or been performed.

## VENUE

COMPLAINT   page 1

4. The occurrences giving rise to this action occurred in Orange County, California, and Plaintiff resides in Orange County, California.

5. Venue is proper in the Central District of California Southern Division pursuant to 28 U.S.C § 1391.

**PARTIES**

6. The Plaintiff, Paul M. Salmas, (hereinafter "Plaintiff"), is a natural person residing in Orange County, California.

7. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

8. The Defendant, CONVERGENT OUTSOURCING, INC., (hereinafter "CONVERGENT"), is a Washington business entity with offices at 800 SW 39th ST., Renton, WA 98057.

9. Defendant, CONVERGENT, is a "person" within the meaning of the FCRA, 15 U.S.C. § 1681a(b).

**FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS**

10. Experian is a "consumer reporting agency" within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

11. Plaintiff obtained his consumer reports from the major consumer reporting agencies and found entries within the reports by entities that he was unfamiliar with.

12. Plaintiff found after examination of his Experian consumer report that Defendant, CONVERGENT, had obtained Plaintiff's Experian consumer report in April 2011.

13. Discovery of the Defendant's actions occurred in February 2013 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

14. Discovery of the Defendant's actions has caused Plaintiff emotional distress.

15. Plaintiff sent a notice to Defendant, CONVERGENT, of their violation of the FCRA in an effort to mitigate damages and reach a settlement for their violation in obtaining Plaintiff's consumer report before taking civil action against them. Plaintiff engaged in settlement discussions with counsel representing CONVERGENT but failed to reach an acceptable agreement regarding damages to be paid to Plaintiff.

## COUNT I

## VIOLATION OF THE

## FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 ET SEQ.

## WILLFUL AND/OR KNOWING NONCOMPLIANCE BY DEFENDANT CONVERGENT.

16. Plaintiff repeats and re-alleges each and every allegation stated above as though fully stated herein.

17. The FCRA, 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer report.

18. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

19. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from Defendant, CONVERGENT.

20. At no time did Plaintiff give his consent for Defendant, CONVERGENT, to acquire his consumer report from any consumer reporting agency.

21. Defendant, CONVERGENT, has demonstrated willful and/or knowing noncompliance with the FCRA, 15 U.S.C. § 1681b by obtaining Plaintiff's Experian consumer report on April 18, 2011 with no permissible purpose.

22. Defendant, CONVERGENT, had willfully and/or knowingly obtained Plaintiff's consumer report with no permissible purpose violating the FCRA, 15 U.S.C. § 1681b and violating Plaintiff's right to privacy.

23. Defendant, CONVERGENT, had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer report and CONVERGENT breached said duty by failing to do so.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief and judgment in Plaintiff's favor, as follows:

a.   Adjudging that Defendant, CONVERGENT, violated the FCRA.

b.   Awarding Plaintiff statutory damages, pursuant to the FCRA 15 U.S.C. § 1681n in the amount of $1000, against Defendant;

c.   Awarding Plaintiff actual damages, in the amount of $1000, against Defendant;

d.   Awarding Plaintiff any attorney's fees and costs incurred in this action, against Defendant;

e.   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law, against Defendant;

f.   Awarding Plaintiff such other and further relief as the Court may deem just and proper, against Defendant.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  May 10, 2013

Respectfully Submitted,

Paul M. Salmas
12823 Maxwell Dr.
Tustin, CA 92782

COMPLAINT   page 5