UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00744-CJC(RNBx)            Date: November 21, 2013

Title: <u>PAUL SALMAS V. CONVERGENT OUTSOURCING, INC.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>            <u>   N/A   </u>
Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO VACATE DISMISSAL OF THE ACTION** [filed 10/24/13]

     Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for November 25, 2013 at 1:30 p.m. is hereby vacated and off calendar.

     On May 14, 2013, Plaintiff Paul Salmas, proceeding *pro se*, filed the instant action against Defendant Convergent Outsourcing, Inc. ("Convergent"), alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, and praying for relief in the amount of $2,000. (Dkt. No. 3.) Given that Mr. Salmas's requested relief was not substantial, this Court ordered the parties to appear on October 21, 2013 to review how the matter could be resolved without incurring the expense and burden of a jury trial. (Dkt. No. 8.) While Defendant appeared at the status conference, Mr. Salmas did not attend. Therefore, the Court dismissed his action without prejudice for failure to comply with the Court's order and for failure to prosecute the case. (Dkt. No. 10 ["Oct. 21 Order"].) Mr. Salmas now moves the Court to vacate that dismissal. (Dkt. No. 11.) For the reasons stated herein, Mr. Salmas's motion is **DENIED**.

     Mr. Salmas's motion appears to have been brought pursuant to Federal Rule of Civil Procedure 60(b)(1), which provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." The application of the "excusable neglect" standard "is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00744-CJC(RNBx)          Date: November 21, 2013
                                                                   Page 2

committed to the discretion of the district courts." *Brandt v. Am. Bankers Ins. Co.*, 653 F.3d 1108, 1112 (9th Cir. 2011) (internal quotation marks omitted). A court must consider "all relevant circumstances surrounding the party's omission" including "the danger of prejudice [to the opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381–82 (9th Cir. 1997) (applying *Pioneer* factors to Rule 60(b)). At bottom, the excusable neglect test is an "equitable one." *Gravatt v. Paul Revere Life Ins. Co.*, 101 F. App'x 194, 195 (9th Cir. 2004).

       Mr. Salmas argues that his failure to appear at the October 21, 2013 status conference occurred because he "did not have the . . . hearing on his calendar." (Mot. to Reconsider ¶ 1.) Mr. Salmas's *pro se* status notwithstanding, the Court does not find that his failure to check the Court's docket, or to heed the electronic notice sent to him through the e-filing system that his appearance was required, constitutes excusable neglect. The Court does acknowledge that Mr. Salmas filed his motion to reconsider only three days after the Court dismissed his case, and that he does not appear to have acted in bad faith. However, the reason for Mr. Salmas's neglect counsels strongly against reopening this case.

       Moreover, Convergent would be prejudiced by reopening the action. In addition to not attending the status conference, Mr. Salmas has otherwise displayed a lack of interest in prosecuting his action. Convergent's counsel, Craig Mariam, alleges he and a colleague have been unable to obtain a response from Mr. Salmas regarding the parties' joint Rule 26(f) report. (Dkt. No. 12-1 ["Miriam Decl."] ¶ 3, Exh. B.) Mr. Salmas has not responded to the allegation, nor has he filed any reply brief with the Court regarding his present motion. It would be unduly prejudicial for the Court to force Convergent to continue expending resources litigating this action which Mr. Salmas has not displayed a clear intent to prosecute.

       The prejudice to Convergent is compared to the lack of prejudice to Mr. Salams. The Court dismissed Mr. Salmas's action without prejudice. (*See* Oct. 21 Order at 1.) He remains free to re-file his suit against Convergent at a time when he is more able to discharge his duty to diligently prosecute the matter. Therefore, after evaluating Mr. Salmas's motion under the equitable factors outlined in *Pioneer* and *Briones*, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00744-CJC(RNBx)            Date: November 21, 2013
                                                                          Page 3

finds that Mr. Salmas failure to appear does not meet the excusable neglect standard, nor does it meet any other standard of relief by which this Court could reopen his case. Mr. Salmas's motion is **DENIED**.[1]

rrd

MINUTES FORM 11
CIVIL-GEN                                                                                  Initials of Deputy Clerk MU

---

[1] In its Opposition to Mr. Salmas's motion, Convergent requested that the Court sanction Mr. Salmas for his failure to appear by awarding Convergent attorneys' fees and costs incurred as a result of Mr. Salmas's non-appearance and the present motion. The Court finds dismissal of Mr. Salmas's case is a more appropriate remedy than monetary sanctions. Mr. Salmas's Complaint demands relief in the amount of $2,000. (Compl. at 4.) Convergent seeks $3,200 in attorney's fees. (Convergent Opp'n at 4–5.) Even though sanctions may be warranted here, it would be wholly inequitable for the Court to sanction Mr. Salmas, who proceeded *in forma pauperis*, in an amount greater than the entire demand of his Complaint. Convergent's request is denied.